UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH PHILLIPS,           )
          Plaintiff      )
                         )
                         )
    v.                         )     Civil Action No. 04-30250-MAP
                         )
                         )
JUNE HARRIS, et al.,        )
          Defendants   )

REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL
PURSUANT TO 28 U.S.C. § 1915(e)[1]
December 21, 2004

NEIMAN, U.S.M.J.

Deborah Phillips ("Plaintiff"), proceeding pro se, has submitted for filing a complaint against June Harris, and apparently others, "pursuant to the Accomodations Under the Americans with Disabilities Act." Plaintiff has also filed an application for leave to proceed *in forma pauperis*.

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, by separate order, leave to proceed *in forma pauperis* has been granted. However, summonses have not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute, 28 U.S.C. § 1915. For the reasons stated below, the court concludes that it does not.

---

[1] This matter has been referred to the court for a report and recommendation pursuant to Rule 3 of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts. *See* 28 U.S.C. § 636(b)(1)(B).

Section 1915 of title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Supreme Court has held that courts may dismiss *in forma pauperis* complaints *sua sponte* without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke*, 490 U.S. at 327). See also *Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

The court will recommend that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, the court is aware that the allegations in the complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97 (1976). Moreover, the court has been scrupulous in reviewing the allegations insofar as they are made by a pro se complainant. *See Haines v. Kerner*, 404 U.S. 519 (1972). At bottom, however, it would be impossible for the purported defendant to address, let alone understand, Plaintiff's concerns.

The complaint is extremely sparse in its allegations and fails to adequately apprise the court, let alone the named defendant, of the specific claim, other than to seek $450,000 in damages. More problematically, Plaintiff mentions in her application to proceed *in forma pauperis* that 'the parties have been ordered into arbitration by another court in a separate cause," all the more reason to decline jurisdiction at this

time. *See Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) ("Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).") (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). Indeed, she addresses her application to the "Superior Court," not this forum.

The court believes that it would be impossible for the defendant to meaningfully respond to Plaintiff's action. Therefore, the court suggests that Plaintiff's complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e) and recommends that the action be DISMISSED.[2]

DATED: December 21, 2004

    /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

[2] Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).