## United States District Court
Springfield, Massachusetts

Deborah Phillips et. al. plaintiff pro se
V.
June Harris et. al. defendant

Complaint

Now comes Deborah Phillips, plaintiff, moving the court to grant the above cause, upon fees waved to enter about,        , and super sponte motion dismiss entered about plaintiff opposition/objection to dismissal about,        to be more clearly defined in a forth coming memorandum of law 45 days subsequent to service. This cause pursuant to Mass. Consumer Affairs and Business Regulations brief provided to the court by written request and 15 U.S.C. A. 1392 and 1297 of 1394 relief for others by Congressional action: In "Crashworthy" case(Protection against vehicle failures…, to provide…, margin of safety to protect…, in unreasonable risk of personal and property damage therefore is not necessary that an collision or death as occurred or will occur as a result of a defect in or for government to take appropriate measure with respect to such defect U.S. V. General Motors Corp [D.C. D.C., 1979, 417F/Supp 993 remand on grounds 565 F 2D 754, 184 U.S. App. D.C. 179 Accommodation of physical handicapped designed and construction…Americans with Disabilities Act and Accommodations to the disabled. The plaintiff is aggrieved by the defendants, all and each associated with June Harris et al of 80 Flanders-Suite 101, WestBorough, Massachusetts, 01581-[see attached as owners of Ford], for relief and damages, $450,000 or in excess there of, from each named party see attached , of in part and whole the following:

a. Denials, acts in conjunction with, in part or whole of requests for with Accommodations provided Under the American's With Disabilities Act between 1988

and to date and subsequent and [see attached

b. Denials of damages injuries and relief with a., above and

c. Denials of Fair Competition

d. Denials of and illegal lending practices, failure to pay insurance claims

f. Denials of and illegal Anti-Trust laws.

g. Denials of class actions of the disadvantaged, to all the above matters, recessions, benefits/entitlements/insurances/healthcare as described by State Massachusetts Office Consumer Affairs and Business Regulations and

h. Denials of Discloser, Production and Discovery, provisions by the Freedom of Information Act, Admission and access to Judgments of Execution and

i. Denials of United States and State benefits electronically and all instantly accessible to- disadvantaged, disenfranchised all classes of persons by prima facie, bill of rights automatically without delay by a single application ordering of all the above by this court entering and or recommendation of injunction, also for writ of certiorari, to the Supreme Court and International Court of Law for the protection and establishment of permanent human rights.

h. Herein the reserves the right to amend claims added by set-off/counter/cross claims and all those applicable by law.

Wherefore the plaintiff, Deborah Phillips et. al. requests the Court allow the petition for complaint to enforce relief from the each and all of defendant June Harris et. al. as provided by, the Bill of Rights, the Constitution, Amendments 1, 3, 4, 14, all applicable State, Federal, International law as submitted by

Deborah Phillips
4 Park St.
Enfield, Ct. 06082

# United States District Court
Springfield, Massachusetts

Deborah Phillips et. al. plaintiff pro se
V.
June Harris et. al. defendant

Objection to Review and Reverse Court's First Finding to Dismiss

Deborah Phillips moves the court by objection to review and reverse the finding to dismiss by allowing the above cause.

The plaintiff states, a new common urban conflict illustrating the problem of using two district definitions for ruling to dismiss assuming a group of American's with Disabilities is asking the court to resolve disputes on topics over which the Court deems itself as having no competence or lack of jurisdiction. Because in this cause the outgrowth of beliefs and claims is obviously plausible and sincere will be recognized by satisfying the threshold requirements for stating a claim by coming with the definition of Americans with Disabilities, disadvantage, and disenfranchised without specially saying so, qualifying for wavier of fees.

-I-The disabled and rights of persons concern Courts, as groups hence casting the holdings in terms cognizable, under the definitions of Accommodations to the class.

-II.- Secondly American's with Disabilities Act consist of rights that the group qua group has vis=a=viz the government and that the group can enforce even to the determent of dissenting members of the group standards as McCollum, Engel, and Schempp, as a person constitution right.

Groups and individuals seek entitlements, accommodations, choices, benefits, allowing the court to adjudicate structural violations as set out in all applicable laws, because the class is. There is no one with individualized injury caused by the violation. Rather, the

true injury is class-wide and is compressed of either strife a long lines to the injury of the body politic in part or whole injury by official action that undermines the integrity of the Disabled, disadvantaged and disenfranchised. For the Court to hear these matters otherwise comprising regulation that divert the structural rescind rather than an individual right, the fog of confusion lifts. In this cause of class action is George Merrile at Longhill, Springfield, Massachusetts, pursuant all applicable law and facts presented to this Court of the existence cause for class action.

M.G.Lc. 93A.2 and United States laws provide that if the unconscionable acts are confirmed by investigations which in the Attorney General did find of defendant for claims by groups representative.

The defendant themselves as will be shown provide their acts are subject to legations to each everyone associated under the law. For law provides disclosure to consumers in violation of 15 U.S.C 1601 et seq., 15 U.SC.1692, et seq, 15 U.S.C. 1639 by unfair completion upon the American's With Disabilities Act, Cannon Rule according ever person legally entitled the right to be heard in proceeding representation of each and every litigant. Where the court shall give parties right to agree when no fee's charged. In that any omission by a law with any other person or persons which violates any law, rule shall constitute misconduct.

**Specific Facts** violation within United States general provisions 4152, 4146, 4148, 4149, 4150, 4152, 4172, 4127, 4128, 4129, 4095, 4085, 4083, 4084, 4085, 4087.Stonelockers V. Genera Motors Corp 1978, 587 F 2 d 151, protection against vehicle failures. 15 U.S.C.A. 1392 of Chapter clarify chapter out of the narrow exception from judicial review cared out for wholly discretionary decisions. Persons seeking to encroach on another in established good will be enjoined Pure Oil Co V. Ruthlands D.C. Mich 1959, 27 Supp 688. Notice 26 U.S.C. A. 6325 to the defendant parties. 15 U.S.C.A 114 a court of ...shall enjoin any from the passing off which involves is fraud in all appropriateness through devises calculated to deceive mislead the public of business good will *which anther has built Lone Range V. Cox CCA SC 114 211 24 2d650. Pursuant to Federal Rule 15, for remedies, awards, civil penalties, irreparable harm relief upon the cause discrimination is prohibited as assistance to the handicapped where proof is unnecessary, but likelihood of deception is sufficient M/Nation aan Lines V. Dean CA Cal 1956, 237 F2d 688.*

**Legal Grounds** *U.S. Supreme Court Douglas V. California, 372 U.S. 356 Roberts V. LaValle, 389 U.S. 4052. Griffin V. Illinois, 341 U.S. 12 19 the Fourteenth and Fifth Amendments, Ross V. Moffit, 417 U.S. 600 41 Led2 341 349, State V. Zukauskas 132 Conn 450 452, State IV. Reia 146 Conn 227234. The plaintiff, applicant represents that it is evident from the statement that the issues to be raised include constitution considerations. That records are a question placed before the court are a consideration of q questions of law and where constitutional consideration are involved the record shall be perfected to the Supreme Court for consideration off the right of the parties.*

Wherefore the applicant respectfully requests the court grant sound judicial reason and cause including constitution issues and are in the public interest of the cause *pursuant to section 4127, "Since constitutional rights.." in State V. Hudson, "...we deem it necessary that the record disclose the basis for whatever decision the trial court may reach....", on Section 4050 and 4024 and 2024 to the Supreme court,* for transfer of matters separate and or in whole or and in part upon *section 2003 of 4017 reservation,* in the above as submitted by
Deborah Phillips

Peg2003@hotmail.com