United States District Court Springfield Massachusetts
Deborah Phillips et.al.                        No.04-30250 MAP
v.
June Harris / Metropolitan Property & Casualty Co/Ford/et.al
**Motion for extension of time to file motion for reconsideration; RCFC 59 (b); timing of Motion for Reconsideration where no judgment filed on dismissal: RCFC 59(a)(1).**

FILED
CLERK'S OFFICE
2006 DEC 29 P 2: 21
U.S. DISTRICT COURT
DISTRICT OF MASS.

The District court is moved by Plaintiff, Deborah Phillips et al., not limited to intended class action, to address pleading attached including but not limited to one or more of following named Defendants June Harris /Metropolitan Property & Casualty Co./Ford/et.al, in the above cause 04-30250 MAP, in order to correct the record & reverse/ favorable vacate in plaintiff's favor, one or more matters in accordance with HIPAA Act, The Totalization Act, CMS regulations providing any person aggrieved to file punitive including all other damages/relief,personal&or class action provided by :
[A. Plaintiff, Deborah Phillips copy of the filing mistakenly lost by court clerk item marked filed Clerks Office dated P 5:03 Dec 30, 2005 U.S. District Court  marked item 12/29/06 x   a see sediment X 12/29/06 on 12/02/05 previously dismissal

Herein the court is moved to conceivably find in the above that plaintiff's Deborah Phillips motion reflects experience with this court's prior practice. [A. filing dated December 31, 2005 and was mistakenly never ruled on by the court misplacing the filing left in the drop off box a Springfield Federal Building and or correct thereof by plaintiff filing. The matters outlined are still unresolved HIPAA ACT/Patient Bill of Rights, Accommodations to American's with Disabilities Act including Federal Bankruptcy/Totalization Act/Canada and should be reconsidered by the Court on statues providing:

Prior to May 1, 2002, revision to the rules, a motion for reconsideration of an order also had to be filed within 10 days, per old rule 83,2(f). When the RCFC were revised to track more closely the Federal Rules of Civil Procedure, old rule 83.2 became current RCFC 7.2. In the process however, paragraph(f)was dropped from the rule, so that the new RCFC 7.1 does not address the time in which to file a motion for reconsideration of an order.

Nonetheless a motion for reconsideration of the court's ruling on a partial  summary judgment motion may be filed on RCFC 59(a)(1). That subparagraph states that

*"reconsideration may be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the courts of the "United States".See Bannum, Inc. V. United States, 59 Fed. Cl. 241, 24 (2003):Henderson City Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337(2003).*

Wherefore plaintiff,moves the court order be modified as submitted
                                          _____
                                          Deborah Phillips[pro se appellant/plaintiff]
                                          4 Park Street, P.). 524, Enfield, Ct., 06082
**Orders:**The Court having heard the motion hereby orders:
Any motion for reconsideration shall be filed in the alternative, the parties shall file a joint status report indicating how the case should proceed. In addition the court hereby  having heard motion:So Ordered
                                          _____
                                              Judge

**Certification of Service**
*A copy of the above has been mailed postage paid and or served by hand to parties/counsel in accordance with all law by_____ _____ Deborah Phillips*

U.S. District Court Springfield, Massachusetts

Deborah Phillips et.al.
V.
June Harris/Metropolitan Property & Casualty Co./Ford/et.al.

Reconsideration/Appeal in forma paupers including bankruptcy protection of decisions prior to enlarge time alternatively transfer matters including December 22, 2005 state appeals court finding to U.S. Court of Appeals, Supreme Court.

The appellant/plaintiff, hereby moves the court for the above including a request for an application to the U.S. Bankruptcy Court involving all issues between said parties monetary interest of both real/personal/business interests provided by Accommodations to Americans with Disabilities, under the American with Disabilities act and HIPAA Act claims to
be more clearly defined upon a favorable finding as submitted by

_____
Deborah Phillips [pro se appellant/plaintiff]
4 Park Street, P.O. 524, Enfield, Ct. 06082

Wherefore the Court having heard the motion hereby so orders

_____
Judge/assisting clerk

**Certification of Service** *the matter has been mailed/served by hand by* Deborah Phillips *on the parties.*

2005 DEC 30 P 5:03

U.S. OFFICE
FILED

12/29/06  x

| | | |
|---|---|---|
| | | copy of this court's docket and guide to pro se briefing are sent to the plaintiff, whose briefs and appendices are due on 9/26/05. *Notice. |
| 08/17/2005 | | Copy of docket sent to Deborah A. Phillips. |
| 08/31/2005 | #4 | Notice of preliminary appendix emergency motion to extend time for filing, filed by Deborah A. Phillips. |
| 08/31/2005 | | RE#4: Treated as a motion to enlarge time to file brief and appendix and allowed to 10/26/05. Notice |
| 09/26/2005 | #5 | Letter from Clerk's Office to Deborah A. Phillips re: nonconforming brief; conforming brief to be filed on or before 10/26/05. *Notice. |
| 09/27/2005 | #6 | Letter from Clerk's Office to Deborah Phillips (second letter) re: Brief has not been accepted for filing as it does not comply with the Rules of Appellate Procedure. Conforming brief due 10/26/05. Notice |
| 10/26/2005 | #7 | Motion informa pauperis to accetp non-conforming appeal brief Rule 14(b), 15 & 20(b) order favorable judgment in favoring written agreement/extra time alternatively emergency medical 45 days, filed by Deborah A. Phillips. |
| 10/31/2005 | | RE#7: Denied. Appellant is granted leave to file four, and serve one, copy of the brief and appendix in conformance with the version filed on 10/26/05 (which includes the trial court's docket) as modified by the Clerk's Office checklist letter issued this date. (Green, J.) *Notice. |
| 10/31/2005 | #8 | Letter from Clerk's Office to Deborah A. Phillips re: nonconforming brief and appendix; conforming brief and appendix due on or before 12/1/05. *Notice. |
| 11/07/2005 | #9 | MOTION to stay, filed by Deborah A. Phillips. |
| 11/08/2005 | | RE#9: Denied. (Perretta, J.) *Notice. |
| 11/30/2005 | #10 | Letter from Deborah A. Phillips re: stay and class action suit. |
| 12/01/2005 | | RE#10 Denied. (Perretta, J.) *Notice. |
| 12/02/2005 | #11 | MOTION informa paupers to accept non-conforming appeal brief Rule 14(b), 15 & 20(b) order favorable judgment in favoring written agreement/extra time alternatively emergency medical 45 days, filed by Deborah A. Phillips. |
| 12/08/2005 | | RE#11: My review of the brief and appendix that the appellant proposes to file reveals that it fails to comply with Mass.R.A.P. 16 and 18 even in the most rudimentary way, nor does it comply with the order of Green, J. entered 10/31/05. In its present form, the appellee cannot cogently reply and the Court lacks the ability to dispose of the appeal. Accordingly, the motion to accept the non-conforming brief and appendix is denied. (Rapoza, J.) Notice |
| 12/22/2005 | | Notice preceding dismissal: Rule 17A. |
| 01/03/2006 | #12 | Notice of appeal from notice preceding dismissal, filed by Deborah A. Phillips. |
| 01/05/2006 | | ORDER: DISMISSAL under Rule 17A. |
| 01/05/2006 | #13 | Appeal in forma paupers of decisions prior and to December 9, 2005 to enlarge time/file status report/alternatively transfer appeal to Supreme Court/U.S. District Court of Appeals, filed by Deborah A. Phillips. |
| 01/06/2006 | | RE#12 As the within documents appear to be an attempt to appeal a notice preceding dismissal, no action is necessary as the notice is not an order of the court, but is merely provided for |



submiment X 12/29/06